UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>SHUEISHA INC.,<br><br>　　　　　Applicant. | Case No. 5:24-mc-80263-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO AUTHORIZE FOREIGN DISCOVERY**<br><br>[Re: ECF No. 1] |

On October 23, 2024, Shueisha Inc. ("Applicant") filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Google LLC, Visa Inc., and Paypal, Inc. ("Respondents") in connection with a potential legal action in Japan. *See* ECF No. 1 ("App."). For the reasons set forth below, the Court GRANTS the application.

**I.   BACKGROUND**

The following facts are taken from Applicant's *ex parte* application. *See* App. Applicant Shueisha Inc. is an entertainment publishing company located in Japan. Declaration of Hiroyuki Nakajima ("Nakajima Decl."), ECF No. 1-4 ¶ 1; Declaration of Atsushi Ito ("Ito Decl."), ECF No. 1-5 ¶ 5. Applicant specializes in publishing and distributing manga, a type of Japanese comic or graphic novel. Ito Decl. ¶ 5. As relevant here, Applicant is the exclusive licensee for distribution of certain copyrighted manga. *Id.*

In or around April 2024, Applicant's attorneys investigated certain "pirate" websites with links that, without authorization from Applicant or its agents, enabled download of Applicant's copyrighted manga. *Id.* ¶¶ 5 & 8, Ex. 1; Nakajima Decl. ¶ 7, Ex. 1. Applicant and its counsel prepared spreadsheets detailing the identifying information about the original works and the infringing works. Ito Decl. ¶¶ 6–8, Ex. 1.

1    The pirate websites used Cloudflare, Inc. services for content delivery.  Nakajima Decl.
2    ¶ 6.  After obtaining subpoenas from the Clerk of the United States District Court for the Northern
3    District of California, Applicant secured production from Cloudflare, Inc. of various documents
4    related to the websites in question.  *Id.* ¶¶ 5–9.  The produced material identified the email
5    accounts associated with the operators of those websites, certain PayPal account numbers used by
6    the operators to pay Cloudflare, Inc., and certain VISA credit card account numbers used by the
7    operators to make payments to Cloudflare, Inc.  *Id.* ¶¶ 12, 14, 16, 18, 19, 20 & 21 and Exs. 6, 8,
8    10, 12, 13 & 14.  The operators also had Google AdSense accounts associated with the websites.
9    *Id.* ¶¶ 11, 13, 15 & 21 and Exs. 5, 7 & 9.

10   Applicant intends to file civil lawsuits in Japan against the website operators ("Anonymous
11   Individuals"), seeking damages for copyright infringement under Article 709 of the Civil Code of
12   Japan, injunctive relief under Article 112(l) of the Copyright Act of Japan, and damages and
13   injunctive relief pursuant to Articles 3(1) and 4 of the Unfair Competition Prevention Act of
14   Japan.  *Id.* ¶ 25.  Applicant's counsel states that Applicant will be able to make out a prima facie
15   civil case against each of the Anonymous Individuals.  *See id.* ¶¶ 30–31.

16   Applicant seeks Court authorization to conduct limited discovery by serving a subpoena
17   upon Respondents, which are located in this district, to "discover personal identifying information
18   ("PII") that can be used to identify the true identities of the website operators in question."  *Id.*
19   ¶¶ 32–33.

20   **II.     LEGAL STANDARD**
21   Section 1782 provides, in relevant part:

22   > The district court of the district in which a person resides or is found
23   > may order him to give his testimony or statement or to produce a
     > document or other thing for use in a proceeding in a foreign or
24   > international tribunal, including criminal investigations conducted
     > before formal accusation. The order may be made . . . upon the
25   > application of any interested person and may direct that the testimony
     > or statement be given, or the document or other thing be produced,
26   > before a person appointed by the court. . . .  To the extent that the
     > order does not prescribe otherwise, the testimony or statement shall
27   > be taken, and the document or other thing produced, in accordance
     > with the Federal Rules of Civil Procedure.

28   28 U.S.C. § 1782(a).  The statute's purpose is "to provide federal-court assistance in gathering

2

evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *See id.* at 260–61, 264. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any

3

unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

## III. DISCUSSION

### A. Statutory Requirements

Applicant's request satisfies the requirements of Section 1782. First, the statute requires that the respondent be found in the district. A business entity is "found" in a judicial district where it is incorporated, headquartered, or has offices. *Illumina Cambridge Ltd. v. Complete Genomics, Inc., et al.*, No. 19-mc-80215, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases); *In re Super Vitaminas, S.A.*, No. 17-mc-80125, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement). Respondent Google LLC resides or is found in this district, as its principal office is located in Mountain View. Nakajima Decl. ¶ 22 & Ex. 15. Respondent PayPal, Inc. resides or is found in this district, as its principal office is located in San Jose. *Id.* ¶ 23 & Ex. 16. Respondent Visa Inc. resides or is found in this district, as its principal office is located in Foster City. *Id.* ¶ 24 & Ex. 17. These locations are within this district, so the requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal. For a proceeding to meet this requirement, it need not be "pending" or "imminent;" it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259. A civil lawsuit in Japan is within reasonable contemplation because Applicant intends to file the civil lawsuit(s) once the true identities of the Anonymous Individuals are ascertained. *Id.* ¶¶ 25, 32–33.

Third, an application under Section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782. *Intel*, 542 U.S. at 256–57. Applicant, as a putative plaintiff, is an interested person. *See* App. at 4.

### B. Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### 1. Respondents are not participants in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports

4

obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Respondents will be nonparticipants in the civil action in Japan. Nakajima Decl. ¶ 34. This factor therefore weighs in favor of granting the application.

### 2. Japanese courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.

The Court is not aware of any directive from Japan against the use of Section 1782 evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))). According to Applicant's Japanese counsel, there are no known restrictions imposed by or any policies under the laws of Japan limiting U.S. federal court judicial assistance, and courts of Japan are receptive to assistance in discovery by U.S. federal courts, including for discovery of PII of individuals acting anonymously online. Nakajima Decl. ¶¶ 35–36. This factor weighs in favor of granting discovery.

### 3. There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Here, there is no reason to believe that Applicant is seeking to circumvent Japanese evidence laws. The attorney consulted by Applicant stated as much in his declaration. Nakajima Decl. ¶ 37. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### 4. The request is not unduly burdensome or intrusive.

The last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The discovery sought here is narrowly tailored to seek only sufficient information to identify the Anonymous Individuals, and is not unduly intrusive or burdensome, because Applicant seeks discovery of only PII such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of PII such as access logs for limited periods of time. Nakajima Decl. ¶¶ 38–40. This information is stored by Respondents in the ordinary course of their business. *Id.*; *see, e.g.*, *In re Frontier Co., Ltd.*, No. 19-mc-80184, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a § 1782 request to issue a subpoena for the name, address, email address, telephone number, and name and address on credit cards); *In re Med. Corp. Seishinkai*, No. 21-mc-80160, 2021 WL 3514072, at *4–5 (N.D. Cal. Aug. 10, 2021). To the extent Respondents assert that any of the information sought by Applicant is burdensome or confidential or proprietary, they can bring a motion to quash or the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215, 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to the respondents).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application for an order authorizing discovery under 28 U.S.C. § 1782(a).

**IT IS SO ORDERED.**

Dated: October 29, 2024

BETH LABSON FREEMAN
United States District Judge